## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 17 2016, 7:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leonard Paul Carder,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 17, 2016

Court of Appeals Case No.
63A04-1509-CR-1605

Appeal from the Pike Circuit Court

The Honorable Jeffrey L. Biesterveld, Judge

Trial Court Cause No.
63C01-1405-FC-187

**Crone, Judge.**

[1] Leonard Paul Carder appeals his six-year sentence for class C felony child solicitation, asking that we reduce his sentence pursuant to Indiana Appellate Rule 7(B). However, instead of presenting an Appellate Rule 7(B) argument,

Carder argues that the trial court abused its discretion in weighing a mitigating factor. We conclude that Carder has waived his Appellate Rule 7(B) claim by failing to present a cogent argument. Furthermore, appellate courts may not review the trial court's weighing of mitigating factors. Therefore, we affirm.

[2] In April 2014, Carder contacted "Stacy," who he believed was a fourteen-year-old girl, on a social media website called Mocospace, and engaged in online conversations of a sexual nature with her. Stacy was actually a decoy who worked with law enforcement to identify people who commit sexual solicitation online. After Carder and Stacy's conversations shifted to text messaging, Sergeant Chad McClellan of the Petersburg Police Department took over as Stacy. Carder sent Stacy pictures of his genitals and asked her to insert her fingers into her genitals and anus. Carder arranged to meet Stacy to engage in sexual activity. Carder traveled for an hour and a half from his home in Marengo to Petersburg to meet Stacy. Stacy texted Carder to meet her at Hornady Park near the pond, where police found and arrested him. Upon his arrest, Carder admitted to the sexual conversations and sending a picture of his genitals, but claimed that his intention was to take Stacy to a police station.

[3] The State charged Carder with two counts of class C felony child solicitation. Pursuant to a plea agreement, Carder pled guilty to one count of child solicitation, and the State dismissed the second count. The plea agreement capped Carder's sentence at six years.

[4] At sentencing, Carder argued that his incarceration would cause undue hardship on his family because he lives with and provides care to his ex-wife and stepson, who both suffer from many serious physical and mental conditions. The trial court found two mitigating factors: Carder pled guilty, saving the court's time and resources; and Carder's incarceration would create a hardship to his family. The trial court found the following aggravating factors: Carder's criminal history includes prior convictions in Kentucky for first-degree attempted sodomy and first-degree sexual abuse of his eight-year-old daughter; he committed the current offense while being a registered sex offender; he violated his previous parole; the Indiana risk assessment tool placed Carder in a high-risk category to reoffend, making him a great risk to the community; he is unlikely to benefit from a period of probation; and he is not a viable candidate for community corrections programs. The trial court found that Carder's explanation to the probation department concerning his intentions in meeting Stacy was improbable and that his lack of candor showed an absence of remorse. The trial court found that the aggravating factors outweighed the mitigating factors and sentenced Carder to six years in the Department of Correction. This appeal ensued.

[5] Carder asks us to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Carder has the burden to show that his sentence is inappropriate.

*Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[6] Although Carder cites Appellate Rule 7(B), he does not present any argument that his sentence is inappropriate based on the nature of the crime or his character. "Failure to put forth a cogent argument acts as a waiver of the issue on appeal." *Whaley v. State*, 843 N.E.2d 1, 18 n.15 (Ind. Ct. App. 2006), *trans. denied*; *see also* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."). Consequently, Carder has waived his inappropriateness claim under Appellate Rule 7(B). *See McBride v. State*, 992 N.E.2d 912, 920 (Ind. Ct. App. 2013) (concluding that McBride failed to make cogent argument regarding nature of crime or his character and therefore waived issue), *trans. denied*.

[7] Furthermore, Carder's argument is unavailable for appellate review. Essentially, he argues that the trial court abused its discretion by undervaluing the hardship his dependents will experience because of his absence as a mitigating factor. "However, the relative weight or value assignable to [mitigating factors] properly found … is not subject to review for abuse of discretion." *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014), *trans. denied* (2015). Therefore, we affirm Carder's sentence.

[8] Affirmed.

Vaidik, C.J., and Bailey, J., concur.